UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN ROMANOFF, | : | Case No.1:08-CV-1756 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| MERRILL LYNCH CREDIT CORPORATION, | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

Before the Court is Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction. (Doc. 7.) It is undisputed that the Plaintiffs assert two common law causes of action in connection with the fees that the Defendant charges for processing mortgages and that there is no assertion of diversity jurisdiction. The only question currently before this Court is whether the instant lawsuit is one of the "extreme and unusual" cases in which the doctrine of "complete preemption" supports Federal Question jurisdiction, notwithstanding the ordinary rule that a federal defense will not support removal. *Fayard v. Northeast Vehicle Servs., LLC*, 533 F.3d 42, 49 (1st Cir. 2008).

It is well-established that a defendant who seeks to remove a case from state to federal court has the burden of establishing federal subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). District courts are ordinarily instructed to "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989). Whether "federal question jurisdiction exists is governed by the well-pleaded-complaint rule, which provides

that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Medlen v. Estate of Meyers*, 273 Fed. Appx. 464, 466 (6th Cir. Ohio 2008) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).) It is the general rule that defenses, "including a federal statute's preemptive effect, do not provide a basis for removal." *Id*. (emphasis added). The Sixth Circuit has explained that "because a plaintiff is the master of his complaint, he can generally choose to avoid federal jurisdiction by asserting only state law claims." *Id*.

There is an exception to this rule, known as the "artful pleading" doctrine, which provides that, under limited circumstances, a state law claim should be "recharacterized as federal claim[], thereby triggering federal jurisdiction." *Bolden v. KB Home*, No. CV 08-02682, 2008 WL 2899728, at *6 (C.D. Cal. July 24, 2008) (citation omitted). Of relevance in the instant case, when "Congress [has] so completely preempt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character," a federal court should recharacterize that claim as a federal question, notwithstanding the well-pleaded complaint rule. *Medlen*, 273 Fed. Appx. at 466 (citations omitted). Nevertheless, complete preemption is exceedingly rare; it supports removal only in those "extraordinary cases" where "the preemptive force of [a federal statutes] is so strong that.... any claim purportedly based on [state law]... is considered, from its inception, a federal claim." *Bolden*, 2008 WL 2899728, at *7.

Although the Defendants assert that the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461–70 completely preempts any state law claims related to the fees that Merrill Lynch charges for processing mortgages, the case law is uniformly otherwise. Indeed, while the Defendants do not cite a single case holding that HOLA "completely preempts" state law, the Plaintiffs bring forward an

unbroken string of cases to the contrary. *See, e.g., Bolden*, 2008 WL 2899728, at *6 ("Defendants have not shown that the HOLA exhibits the type of "extraordinary circumstances" to warrant complete preemption.").[1]

This Court further agrees with Plaintiffs that Defendants' reliance on *State Farm Bank, FSB v. Reardon*, 539 F.3d 336 (6th Cir. 2008) is misplaced. While it is true that the Sixth Circuit recognized that Congress intended "that the powers of a federal savings association not be curtailed by state laws," this was in the context of whether HOLA preempted a particular statute. *Id*. at 341. Conversely, "[t]he doctrine of complete preemption is starkly different from the defense of federal conflict or ordinary preemption." *King*, 2007 WL 1009383, at *17. Thus, *State Farm* is silent as to whether HOLA "completely preempts" state law such that removal is appropriate. Other courts, however, are not. *See, e.g.,id.*; *Bolden*, 2008 WL 2899728, at *6.

Accordingly, this case is **REMANDED** for lack of subject matter jurisdiction.


**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

Dated: November 26, 2008

---

[1] *See also King v. Homeside Lending, Inc.*, No. 2:03-2134, 2007 WL 1009383, at *7 (S.D.W. Va. Mar. 30, 2007) ("neither HOLA nor any of the regulations cited by [defendant, including 12 C.F.R § 560.2(b)(5) and (10),] completely preempt the plaintiffs' causes of action."); *Beard v. Aurora Loan Servs., Inc.*, No. C.A. C-06-142, 2006 WL 1350286, at *5 (S.D. Tex. May 17, 2006) (remanding and holding that HOLA does not completely preempt state law claims or provide a basis for federal jurisdiction); *McKenzie v. Ocwen Fed. Bank FSB*, 306 F. Supp. 2d 543, 546 (D. Md. 2004) ("[w]hether or not HOLA preempts the [state law] relied on by Plaintiff, may provide Defendant with the defense of preemption. Such a defense, however, does not justify removal.").

-3-